IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39153

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 560 |
|---|---|---|
| Plaintiff-Respondent, | ) ) ) | Filed: July 20, 2012 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| RUSSELL S. ANDREWS, JR., | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Richard D. Greenwood, District Judge.

Order revoking probation and requiring execution of underlying, consecutive sentences of a unified term of five years, with two years determinate, and a unified term of five years, with three years determinate, for two counts of aggravated assault, affirmed; order granting Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Russell S. Andrews, Jr. pled guilty to two counts of aggravated assault, Idaho Code §§ 18-905(a), 18-901, and petit theft, Idaho Code §§ 18-2403(1), 18-2407(2). The district court sentenced Andrews to a unified term of five years, with two years determinate, for the first count of aggravated assault; a consecutive, unified term of five years, with three years determinate, for the second count of aggravated assault; and a concurrent term of 180 days for the petit theft. After a period of retained jurisdiction, the district court suspended the sentences and placed Andrews on probation. Subsequently, Andrews admitted to violating several terms of his

1

probation. The district court consequently revoked probation and ordered execution of the underlying sentences for the two counts of aggravated assault. Following revocation of his probation, Andrews filed an Idaho Criminal Rule 35 motion. After initially denying the Rule 35 motion, the district court vacated its decision and reduced the determinate portion of Andrew's sentence for the second count of aggravated assault to two years. Andrews appeals, contending the district court abused its discretion in revoking probation and that his sentences are excessive. Additionally, Andrews contends the district court abused its discretion by failing to further reduce his sentence pursuant to his Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence

was imposed, as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Andrew's underlying sentences without modification. Therefore, the order revoking probation and directing execution of Andrew's previously suspended sentences is affirmed.

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Andrew's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order granting Andrew's Rule 35 motion is affirmed.